IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
BERNIE MIMS,                           )
                                       )    Civil Action No. 06-843
          Plaintiff                    )
                                       )    Judge Donetta W. Ambrose/
     vs.                               )    Magistrate Judge Lisa
                                       )    Pupo Lenihan
UNITED STATES MARSHAL, Warden JOHN,    )
DOE, SERGEANT JACKIE McCALL,           )
OFFICER LEDBETTER, OFFICER WEER,       )
                                       )
          Defendants                   )
                                       )
                                       )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**

It is recommended that the case be transferred to the United States District Court for the District of New Jersey.

**REPORT**

Bernie Mims (Plaintiff) seeks to file a civil rights suit pursuant to 42 U.S.C. § 1983 against various defendants who interacted with Plaintiff during his stay at the Mercer County Correction Center, located in the District of New Jersey. Hence, venue is proper there and so this case will be transferred to the District of New Jersey.

### Relevant Procedural History

The above-captioned prisoner civil rights action was transferred from the Middle District of Pennsylvania. The Middle District Court did so because the complaint referenced the

"Mercer County Correction Center." The Middle District Court understood this to be a reference to the Mercer County Prison located in Mercer, Pennsylvania and so transferred the case to this court because the Mercer County Prison is located within the Western Pennsylvania Judicial District. This court had reason to believe that the reference was actually to the Mercer County Correction Center located in Mercer County, New Jersey. See United States v. Mims, No. 3:04-cr-627 (D.N.J. Doc. Nos. 8 & 11)(Doc. 8 is the superceding indictment and Doc. 11 is plea agreement for Plaintiff, both of which indicated that the location of the crime for which he was arrested and to which he ultimately pleaded guilty was in Mercer County, New Jersey). Consequently, this court sent a notice to Plaintiff explaining the foregoing and requiring him to inform the court where the actions that form the basis of this suit took place. Doc. 8. Plaintiff informed the court that the actions took place in the Mercer County Correction Center located in Mercer County, New Jersey.

**Venue**[1]

---

[1] The issue of proper venue may be raised sua sponte by a court. See Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996). To the extent that such action by a court requires notice to the Plaintiff and an opportunity to be heard before a transfer on grounds of venue, the procedure of issuance of this report and recommendation and the opportunity to file objections provides the necessary notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)("Here, the Magistrate Judge's Memorandum and Recommendation placed

As the Court of Appeals has observed,"[s]ection 1983 contains no special venue provision. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976). Therefore, the general venue provisions of 28 U.S.C. § 1391 apply." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996). Section 1391 provides in relevant part that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

The court takes judicial notice of the fact that the Mercer County Correction Center is located in Mercer County New Jersey. which is located within the District of New Jersey. Thus, the complaint indicates that the defendants are located in or near Mercer County New Jersey. This supports the conclusion that venue is proper in the District of New Jersey.

---

Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten- day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same).

In addition, it appears that not only a "substantial part of the events or omissions giving rise to the claim occurred" in the District of New Jersey but **all** of the events or omissions occurred in that District. As such, it appears that venue is proper in that District.

A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. § 1404(a) which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  See Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990)("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Thus, the court is presented with the question of whether transfer to the District of New Jersey is "for the convenience of the parties and witnesses [and] in the interest of justice."  In performing this analysis, the courts may rely upon traditional venue considerations.

In determining whether to transfer a case pursuant to § 1404(a), courts consider a variety of factors.  See, e.g., Calkins v. Dollarland, Inc., 117 F.Supp.2d 421, 428 (D.N.J. 2000)(footnote omitted).

Having given due consideration to all of the relevant

factors, it is this court's considered opinion that those factors weigh in favor of transferring this case to the United States District Court for the District of New Jersey.

**CONCLUSION**

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.


July 12, 2006                           /s/Lisa Pupo Lenihan
                                        Lisa Pupo Lenihan
                                        United States Magistrate Judge



cc:   Donetta W. Ambrose
      CHIEF UNITED STATES DISTRCT JUDGE

      Bernie Mims
      Inmate Number 60141-050
      FCI ALLENWOOD LOW
      FEDERAL CORRECTIONAL INSTITUTION
      P.O. BOX 1000
      WHITE DEER, PA  17887